IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Trina Howze | No.: 5:14-cv-1545 |
| v. | Civil Action |
| Lancaster City Bureau of Police, City of Lancaster d/b/a Lancaster City Bureau of Police, Lancaster County d/b/a Lancaster City Bureau of Police, Police Officer John Doe, No. 1, individually and in his official capacity, Keith R. Sadler, individually and in his official capacity as Chief of Police for Lancaster City Bureau of Police and John Does 1-10 | |

**DEFENDANTS, LANCASTER CITY BUREAU OF POLICE, CITY OF LANCASTER AND KEITH SADLER'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendants, Lancaster City Bureau of Police, City of Lancaster and Keith Sadler, by and through their undersigned counsel, file this Answer to Plaintiff's Complaint with Affirmative Defenses and in support thereof states as follows:

**Introduction**

Denied as stated. Furthermore, answering defendants are advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary.

**Jurisdiction and Venue**

1. Denied. Answering defendants are advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary.

2. Denied. Answering defendants are advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary.

**Parties**

3. Denied as stated. After reasonable investigation answering Defendants are without sufficient information or knowledge with which to form an opinion as to the truth of the matters asserted and they are therefore denied. Answering defendants are advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary and they are therefore denied.

4. Denied as stated. The City of Lancaster is a municipal agency.

5. Denied as stated. After reasonable investigation answering Defendants are without sufficient information or knowledge with which to form an opinion as to the truth of the matters asserted and they are therefore denied. Answering defendants are advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary and they are therefore denied.

6. Admitted in part; Denied in part. It is admitted only that Keith R. Sadler is an adult individual who was employed by the City of Lancaster. The remaining averments are denied since answering defendants are advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary.

7. Denied as stated. After reasonable investigation answering Defendants are without sufficient information or knowledge with which to form an opinion as to the truth of the matters asserted and they are therefore denied. Answering defendants

are advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary and they are therefore denied.

**Statement of Claims**

8. Denied. After reasonable investigation answering defendants are without sufficient information or knowledge with which to form an opinion as to the truth of the matters asserted and they are therefore denied.

9. Denied. After reasonable investigation answering defendants are without sufficient information or knowledge with which to form an opinion as to the truth of the matters asserted and they are therefore denied.

10. Denied. After reasonable investigation answering defendants are without sufficient information or knowledge with which to form an opinion as to the truth of the matters asserted and they are therefore denied

11. Denied. After reasonable investigation answering defendants are without sufficient information or knowledge with which to form an opinion as to the truth of the matters asserted and they are therefore denied

12. Denied. After reasonable investigation answering defendants are without sufficient information or knowledge with which to form an opinion as to the truth of the matters asserted and they are therefore denied. By way of further reply answering defendants are advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary and they are therefore denied.

13. Denied as stated. After reasonable investigation answering defendants are without sufficient information or knowledge with which to form an opinion as to

the truth of the matters asserted and they are therefore denied. By way of further reply answering defendants are advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary and they are therefore denied.

14. Denied as stated. After reasonable investigation answering defendants are without sufficient information or knowledge with which to form an opinion as to the truth of the matters asserted and they are therefore denied. By way of further reply answering defendants are advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary and they are therefore denied.

15. Denied as stated. After reasonable investigation answering defendants are without sufficient information or knowledge with which to form an opinion as to the truth of the matters asserted and they are therefore denied. By way of further reply answering defendants are advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary and they are therefore denied.

16. Denied as stated. After reasonable investigation answering defendants are without sufficient information or knowledge with which to form an opinion as to the truth of the matters asserted and they are therefore denied. By way of further reply answering defendants are advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary and they are therefore denied.

17. Denied as stated. After reasonable investigation answering defendants are without sufficient information or knowledge with which to form an opinion as to the truth of the matters asserted and they are therefore denied. By way of further reply answering defendants are advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary and they are therefore denied.

18. Denied as stated. Furthermore, answering defendants are advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary and they are therefore denied.

19. Denied as stated. Furthermore, answering defendants are advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary and they are therefore denied.

20. Denied as stated. Furthermore, answering defendants are advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary and they are therefore denied.

21. Denied as stated. Furthermore, answering defendants are advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary and they are therefore denied.

**Causes of Action**

## COUNT I
### Excessive Force

22. Answering Defendants incorporate by reference their answers to the prior paragraphs as though the same were set forth herein at length.

23. Denied. Answering defendants are advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary and they are therefore denied.

24. Denied as stated. Furthermore, answering defendants are advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary and they are therefore denied.

25. Denied as stated. Furthermore, answering defendants are advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary and they are therefore denied.

WHEREFORE, the answering defendants deny that they are liable on the cause of action declared upon and demand judgment in their favor plus interest and costs and such other relief as this Honorable Court deems just and appropriate.

## COUNT II
### Monell

26. Answering Defendants incorporate by reference their answers to the prior paragraphs as though the same were set forth herein at length.

27. Denied as stated. Furthermore, answering defendants are advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary and they are therefore denied.

28. Denied as stated. Furthermore, answering defendants are advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary and they are therefore denied.

29. Denied as stated. Furthermore, answering defendants are advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary and they are therefore denied.

**Prayer for Relief**

Denied as stated. It is specifically denied that Plaintiff is entitled to any relief. Furthermore, answering defendants are advised by counsel that the corresponding averments constitute conclusions of law to which no response is necessary and they are therefore denied.

WHEREFORE, the answering defendants deny that they are liable on the cause of action declared upon and demand judgment in their favor plus interest and costs and such other relief as this Honorable Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a claim, in whole or in part, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Neither, an act, or failure to act on the part of answering defendants, violated any of plaintiff's constitutional rights.

### THIRD AFFIRMATIVE DEFENSE

At all times material hereto, plaintiff was afforded all of the rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and the Commonwealth of Pennsylvania.

## FOURTH AFFIRMATIVE DEFENSE

At no time material hereto did answering defendants', act in bad faith or in an unreasonable, extreme, willful, wanton, outlandish, outrageous and/or malicious manner.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff suffered no injury or damages as a result of any act or omission by answering defendants.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims as against answering defendants for punitive damages are limited and/or barred by the applicable state constitution, by the Fourteenth, Fifth and Eighth Amendments to the United States Constitution and by the laws of the United States and the Commonwealth of Pennsylvania.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are not cognizable claims under either Federal or Pennsylvania state law.

## NINETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred based on the doctrine of "unclean hands."

## TENTH AFFIRMATIVE DEFENSE

All actions taken by the named defendants were objectively reasonable under the circumstances.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants are entitled to absolute and/or qualified immunity with respect to plaintiff's claims.

## TWELFTH AFFIRMATIVE DEFENSE

The actions and conduct of the defendants, to the extent that they occurred as alleged, were objectively reasonable under the circumstances of which defendants were then and there aware, and they enjoy qualified immunity from all liability.

## THIRTEENTH AFFIRMATIVE DEFENSE

The defendant's alleged action and/or inaction did not rise to the level of constitutional violation and therefore, the plaintiff did not suffer any infringement of his constitutional rights. The actions and conduct of the defendants did not violate any clearly established constitutional or federal statutory right of which the defendants reasonably should have been aware.

WHEREFORE, the answering defendants deny that they are liable on the cause of action declared upon and demand judgment in their favor plus interest and costs and such other relief as this Honorable Court deems just and appropriate.

Respectfully submitted,
WILLIAM J. FERREN & ASSOCIATES
By:    /s/ Christine E. Munion
Christine E. Munion, Esquire
Attorney for Defendant, Lancaster
City Bureau of Police, City of
Lancaster and Keith Sadler
Ten Sentry Parkway, Suite 301
Blue Bell, PA  19422
(215) 274-1731
cmunion@travelers.com

# **VERIFICATION**

I, Christine E. Munion, Esquire, state that the facts in Defendants, Lancaster City Bureau of Police, City of Lancaster and Keith Sadler's Answer to Plaintiff's Complaint with Affirmative Defenses are true and correct to the best of my knowledge, information and belief. This Verification is made with knowledge of the penalties contained in 18 Pa. C.S.A. §4904, relating to unsworn verification to authorities.

By: _/s/ Christine E. Munion_

Dated: April 22, 2014